# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER CASTILLO, <br><br>             Plaintiff <br><br>     v. <br><br> UNITED STATES INTERNAL REVENUE SERVICE, <br><br>             Defendant | CASE NO. 1:13-CV-00517 AWI SKO <br><br> ORDER RE: DEFENDANT'S MOTION TO DISMISS <br><br><br> (Doc. 12) |

Plaintiff Heather Castillo ("Plaintiff") brings this action against her employer, the United States Internal Revenue Service ("Defendant"), for alleged violations of the Rehabilitation Act by Defendant for failure to accommodate her injury and causing her pain and suffering. Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the following reasons, Defendant's motion is granted with leave to amend.

I.     BACKGROUND

Plaintiff was and is employed by Defendant as a Data Processor at Defendant's "Butler Campus" in Fresno, California.[1] Doc. 1, ¶¶ 8-9. Plaintiff tripped and injured her right ankle on April 29, 2011. Doc. 1, ¶ 13. As a result of this injury, she was absent from work from April 29,

---

[1] The court assumes Plaintiff's factual allegations are true for purposes of this Motion. See, e.g., *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

2011 until May 12, 2011, and from May 13, 2011 until June 16, 2011. Doc. 1, ¶¶ 16-17. Upon returning to work on May 12, 2011 Plaintiff alleges that she was denied her request for use of a wheel chair. Doc. 1, ¶ 21. Upon returning to work on June 16, 2011 Plaintiff was denied continued requests for a work space where she could elevate her leg as ordered by her doctor, and requests for assistance in retrieving paperwork as required to complete her job duties. Doc. 1, ¶¶ 22-23, 25, 26-27. The inability to elevate her leg and the requirement to walk back and forth to retrieve paperwork with crutches and a walking cast caused Plaintiff discomfiture and pain and hindered her ability to perform her job duties. Doc. 1, ¶¶ 24, 28-29. Plaintiff's "complaints against her employer have also been continuous and ongoing." Doc. 14, p. 4, line 8.

Plaintiff was not aware of the requirements to file an EEO complaint prior to filing a federal action and she was never advised of her rights or the EEO procedures by her supervisors. Doc. 14, p. 3, lines 13-14, 17-18. At some point she became aware of the requirement and attempted to file a complaint but "was rebuffed." Doc 14, p. 3, lines 14-15. Plaintiff alleges that "her employer made it impossible to file a complaint." Doc. 14, p. 4, line 2.

Plaintiff filed an action in this Court on April 9, 2013. Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Doc. 12. Plaintiff filed an opposition (Doc 14), Defendant filed a reply (Doc. 15), and the matter was taken under submission without oral argument (Doc. 16).

II.     SUBJECT MATTER JURISDICTION

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). For federal question jurisdiction to exist, the requirements of 28 U.S.C. Section 1331, which gives federal courts jurisdiction only to those cases which arise under federal law, must also be met. 28 U.S.C. § 1331. The question of whether a procedural rule is jurisdictional "is not merely semantic but one of considerable practical importance for judges and litigants." *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011). Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system. *Id*. Rule

12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of establishing federal subject-matter jurisdiction always rests with the party who invokes the Court's jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S. Ct. 2130, 115 L. Ed. 2d 351 (1992).

The Complaint's only cause of action arises under the Rehabilitation Act at 28 U.S.C. Section 791, *et. seq*., a federal statute, and invokes subject matter jurisdiction over the federal question. The Court will discuss whether exhaustion of administrative remedies is a prerequisite to establish subject matter jurisdiction in this case.

A. <u>The Jurisdictional Nature of Procedural Requirements</u>

The Supreme Court has directly addressed the confusion surrounding whether procedural requirements are jurisdictional. In 2006 the Supreme Court gave a "readily administrable bright line" rule that unless Congress has *clearly stated* that a statutory limitation is jurisdictional, the restriction should be treated as "nonjurisdictional in character." *Arbaugh v. Y & H Corp*., 546 U. S. 500, 516, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)(emphasis added). The plaintiff in *Arbaugh* brought a claim under Title VII of the Civil Rights Act of 1964 which allowed employees to bring a claim against an employer for discrimination on the basis of sex or other specified bases. *Id*. at 503. The Supreme Court found that the numerosity requirement –the requirement that the employer have at least fifteen employees- did not affect federal-court subject matter jurisdiction, but instead delineated a substantive ingredient of the Title VII claim. *Id*. "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue." *Id*. at 515-16. In *Arbaugh* the Supreme Court listed several statutes for which Congress had exercised its prerogative to restrict the subject matter jurisdiction of the district courts based on factors such as certain parties and certain types of claims. *Id*. at 516, n. 11.[2]

In 2010 the Supreme Court pointed to a desire in recent cases to curtail "drive-by

---

[2] For example, 49 U.S.C. § 24301(l)(2) states, "The district courts of the United States have original jurisdiction over a civil action Amtrak brings to enforce this subsection."

jurisdictional rulings, which too easily can miss the critical differences between true jurisdictional conditions and nonjurisdictional limitations on causes of action" and distinguished between jurisdictional conditions and claim-processing rules. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 155, 161, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010)(internal quotations and citations omitted). The Court found that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory authority –"prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)" implicating that authority. *Id*. at 160-61. "A statutory condition that requires a party to take some action before filing a lawsuit is not automatically a jurisdictional prerequisite to suit. […] Rather, the jurisdictional analysis must focus on the "legal character" of the requirement, […] which we discerned by looking to the condition's text, context, and relevant historical treatment." *Id*. at 166. The Court found that the registration requirement of a copyright-holder prior to suing for copyright infringement was not clearly labeled jurisdictional, was not located in a jurisdiction-granting provision, and admitted exceptions; hence, was analogous to nonjurisdictional conditions and did not implicate subject matter jurisdiction. *Id*. at 166, 169.  This was determined despite the prior jurisdictional treatment of the requirement, which, although a factor in the analysis, was not dispositive. *Id*. at 169.

      The relevant holdings in *Arbaugh* and *Reed Elsevier* have been followed and cited in subsequent Supreme Court cases. In 2011 "claim processing rules" were described as rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times, which are not jurisdictional unless Congress specifically attached jurisdictional consequences to such rules. *Henderson v. Shinseki*, 131 S. Ct. 1197, 1198; 179 L. Ed. 2d 159 (2011). The Court applied the factors from *Reed Elsevier* and found that the 120-day deadline to file a notice of appeal in the Veterans Court was not jurisdictional because the terms do not clearly indicate that the provision was intended to have jurisdiction consequences, it was not located in a jurisdiction-granting provision, and the characteristics of veterans' litigation give much solicitude towards veterans. *Id*. at 1199, 1206.

      The Ninth Circuit and its District Courts have similarly followed the *Arbaugh* and *Reed Elsevier* holdings to specify that certain procedural requirements were not jurisdictional.

4

*See e.g., Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 866 (9th Cir. 2011) (Overturning previous caselaw, the court held that the IDEA's exhaustion requirement was an affirmative defense, not a jurisdictional requirement); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 979 (9th Cir. 2012)(Overturning previous caselaw, the court held that "participant status is an element of an ERISA claim, not a jurisdictional limitation.").

### B. The Exhaustion Requirement of Section 501 of The Rehabilitation Act

Federal courts are not uniform in their treatment of the exhaustion of administrative remedies before filing a claim in federal court under the Rehabilitation Act. Section 501 of the Act in its original form required federal agencies to adopt affirmative action plans for employment of the handicapped, but it contained no private right of action. Congress enabled a private right of action to a person complaining of discrimination in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-794 (1975 & Supp. 1983), by enacting section 505(a)(1), 29 U.S.C. § 794a(a)(1), which provided that the rights and remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-16, were available. *Boyd v. United States Postal Service*, 752 F.2d 410, 412 (9th Cir. 1985). This incorporation carried over the exhaustion of administrative remedies requirement applicable to federal employees under Title VII to claims brought under section 501. *Id.* at 412-13.

Since the *Arbaugh* and *Reed Elsevier* rulings, some district courts have applied the *Reed Elsevier* factors and changed their treatment of the exhaustion requirement under Title VII from a jurisdictional requirement to a defense. *See e.g., Hoover v. Shinseki*, 2012 U.S. Dist. LEXIS 47412, *6 (D. Ariz., April 4, 2012)("While failure to exhaust may bar a claim, it plainly is not jurisdictional."); *Daniels v. Donahoe*, 901 F. Supp. 2d 1238, 1245 (D. Haw. 2012); *see also, United States EEOC v. Alia Corp.*, 842 F. Supp. 2d 1243 (E.D. Cal. 2012)("Title VII's conciliation requirement is a precondition to suit, but it is not jurisdictional."). Other decisions have not incorporated the relatively new developments in the law and found, based on earlier issued case law, that at least substantial compliance with exhaustion requirement is jurisdictional. *See e.g., Gammons v. Real Prop. Inv. Servs.,* 2010 U.S. Dist. LEXIS 137787, *15 (D. Ariz. Dec. 30, 2010); *Kennedy v. Kings Mosquito Abatement Dist.*, 2013 U.S. Dist. LEXIS 37261 (E.D. Cal.

1  Mar. 15, 2013) [3]; *Contreras v. Cal. Nat'l Guard*, 2014 U.S. Dist. LEXIS 25535 (E.D. Cal. Feb. 25, 2014).

With regards to claims brought under the Rehabilitation Act, some courts have also determined that substantial compliance with the exhaustion requirement is a jurisdictional bar, but, notably, without an analysis of the *Arbaugh* and *Reed Elsevier* factors, which clarify the proper scope of jurisdictional rulings. *See e.g.*, *Lintz v. Potter*, 2010 U.S. Dist. LEXIS 66658, 19-20 (E.D. Cal. June 11, 2010); *Smith v. Foxx*, 2013 U.S. Dist. LEXIS 167440, 6 (E.D. Cal. Nov. 22, 2013); *Brown v. Potter*, 457 Fed. Appx. 668, 673 (9th Cir. 2011). However, drive-by jurisdictional rulings should be accorded no precedential effect. *Arbaugh*, *supra*, 546 U.S. at 511; *Leeson*, *supra*, 671 F.3d at 979. In light of the recent Supreme Court holdings, and with the aid of the district courts' interpretations, the Court will analyze the exhaustion requirement of the Rehabilitation Act anew.

*1. Factors*

The jurisdictional analysis in determining the legal character of the statutory requirement, is discerned by looking to the condition's "text, context, and relevant historical treatment." *Reed Elsevier*, *supra*, 559 U.S. at 166. The Court found that the condition was not clearly labeled jurisdictional, was not located in a jurisdiction-granting provision, and had admitted exceptions to the condition, indicating that it was not a jurisdictional bar, as subject matter jurisdiction is not subject to waiver. *Id*. at 166, 169. In analyzing claims under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991, Judge Lawrence O'Neill ruled that conciliation is not a jurisdictional requirement. *United States EEOC v. Alia Corp.*, 842 F. Supp. 2d 1243, 1253-54 (E.D. Cal. 2012). Four factors on which the Court in *Reed Elsevier* made its decision were identified: 1) that the text did not clearly state that the requirement was jurisdictional; 2) the requirement was located in a provision separate from those granting federal courts subject matter jurisdiction over the claims; 3) in context indicated that it was unlikely that

---

[3] *Kennedy* is a decision of the undersigned. That opinion includes the general statement that filing an administrative complaint with the Equal Employment Opportunity Commission is a jurisdictional requirement for Title VII based on older precedent, without analyzing the issue anew based on recent case law. The distinction was not dispositive in that case, as the plaintiff did file administrative complaints with the Department of Fair Employment and Housing. *Kennedy v. Kings Mosquito Abatement Dist.*, 2013 U.S. Dist. LEXIS 37261, *18 (E.D. Cal. Mar. 15, 2013).

Congress ascribed jurisdictional significance to it; and 4) the requirement was not the type of limitation historically treated as jurisdictional in nature. *Id*. at 1253.

Soon thereafter, the Supreme Court interpreted the *Arbaugh* and *Reed Elsevier* factors to inquire into two areas. First, drawing from *Arbaugh*, whether there is a clear statement that the rule is jurisdictional, and second, drawing from *Reed Elsevier*, to consider "'context, including this Court's interpretations of similar provisions in many years past,' as probative of whether Congress intended a particular provision to rank as jurisdictional." *Sebelius v. Auburn Reg'l Med. Ctr*., 133 S. Ct. 817, 824, 184 L.Ed. 2d. 817 (2013).

This Court will inquire into the same two areas with regard to the exhaustion requirement of the Rehabilitation Act. The exhaustion requirement of the Rehabilitation Act does not implicate the type of claim or the persons to a claim and is not jurisdictional in nature. It is a statutory condition that requires a plaintiff to take certain action before filing a lawsuit in district court. Such claim processing rules are not jurisdictional unless Congress specifically attached jurisdictional consequences to such rules. *Henderson*, *supra*, 131 S. Ct. at 1198.

*2. A Clear Statement that the Rule is Jurisdictional*

To discern the "legal character" of the requirement, the Court will first look to the requirement's text. The language of the Rehabilitation Act itself does not independently specify an exhaustion requirement; instead, the Act says that the procedures set forth in Title VII of the Civil Rights Act of 1964 are available to a person complaining of discrimination in violation of Section 501. 29 U.S.C. § 794a(a)(1). It is appropriate then to look at the text of the Title VII procedures. Title VII allows employees to file a civil action within ninety days of receipt of notice of final action taken by a department or the Civil Service Commission, or within one hundred and eighty days after filing the initial charge if no decision was issued. 42 U.S.C. § 2000e-16. The Code of Federal Regulations ("CFR") identifies the same time periods in which a complainant may bring an action under Title VII or the Rehabilitation Act in the district court. 29 C.F.R. § 1614.407. The CFR also sets several deadlines surrounding the administrative pre-filing process, including that the aggrieved person contact an EEO counselor within forty-five days of the discriminatory act, and that a complaint is filed within fifteen days after receiving a notice of right to file a

7

discrimination complaint. 29 C.F.R. §§ 1614.105(a)(1), 1614.106(b).

The text of these provisions is not clearly labeled as jurisdictional. Nothing in these corollary provisions explicitly invoke the court's adjudicatory authority or jurisdiction. Filing an action with the department or the commission and waiting the appropriate amount of time is a precondition to suit in the district court; but there is no specification that the district court's jurisdiction depends on the satisfaction of the condition.

42 U.S.C. § 2000e-16, the provision in which the relevant exhaustion requirement lies, is not a jurisdiction-granting provision. The Rehabilitation Act adopts the jurisdiction-granting provision of Title VII. 29 U.S.C 794a(a)(1), which is located at 42 U.S.C. § 2000e-5(f)(3), and makes no mention of the exhaustion requirement.

*3. Context and Historical Treatment*

The language of the CFR allows some flexibility in the pre-complaint procedures. The forty-five day deadline in which to contact an EEO counselor shall be extended if the complainant was not aware of the deadlines, was prevented from initiating contact by external circumstances, "or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). The nebulous nature of this exception indicates that the forty-five day deadline can be waived or tolled for a variety of reasons. This is the first step of the administrative review process, which triggers successive filing deadlines in pursuing administrative remedies to exhaustion. Because the first deadline of the administrative review process may be waived for "sufficient" reason, it is unlikely that compliance thereof is jurisdictional in nature. The language, which does not limit the time the deadline may be extended, on its face implies that compliance with the administrative review deadlines is subject to waiver or tolling for any sufficient reason. Subject matter jurisdiction, which is not waivable, is not implied in the context of the statutory requirement.

In evaluating the requirement's context, the Court will consider also interpretations of similar provisions to find Congressional intent to rank the requirement as jurisdictional. As discussed, caselaw has been inconsistent in its treatment of the Title VII exhaustion requirement. Similar to the registration requirement analyzed in *Reed Elsevier*, the exhaustion requirement,

adopted by the Rehabilitation Act, has allowed exceptions, suggesting that it should not be treated as jurisdictional. *See e.g.*, *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982)(A timely filing of an EEOC charge is not a jurisdictional prerequisite to suit); *Vinieratos v. United States*, 939 F.2d 762, 768 n.5 (9th Cir. 1991)(The Ninth Circuit did not recognize administrative exhaustion under Title VII as a jurisdictional requirement per se, but characterized the issue as whether a plaintiff has satisfied a statutory precondition to suit); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003)(The exhaustion requirement is akin to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling).

Both parties in this case cite to *Sommatino v. United States*, 255 F.3d 704, (9th Cir. 2001) in support of their arguments. The Ninth Circuit found that "substantial compliance" with the presentment of complaints to an appropriate administrative agency was a jurisdictional prerequisite. *Sommatino*, 255 F.3d at 708. The Court did not give a definition of substantial compliance, but the complainant's verbal complaints and emails to an EEO counselor did not constitute substantial compliance with the claim presentment requirements because she did not file a formal complaint. *Id.* at 709. Equitable remedies were not available in the situation which showed no administrative filing. *Id.* at 710.

Classically, subject matter jurisdiction cannot be waived and without jurisdiction the court cannot proceed with a case. To allow waiver or equitable tolling seems to be in direct contrast with an intended jurisdictional prerequisite, deficiency of which would fully prevent the court from hearing the matter. Also, it appears that courts have and continue to find that substantial compliance with the exhaustion requirement is a jurisdictional bar. But such an imprecise jurisdictional requirement is not practical, and similarly suggests that the requirement does not carry the absoluteness of a true jurisdictional requirement.

*4. Conclusion*

The exhaustion requirement of the Rehabilitation Act, borrowed from Title VII, is a claim-processing procedural requirement. It has little to no relation to the case itself. It is analogous to the numerosity requirement prior to filing a Title VII in *Arbaugh*, or the exhaustion requirement prior to filing a claim under the Individuals with Disabilities Act in *Payne*. They may be

9

prerequisites to filing suit, but they do not deny subject matter jurisdiction, which exclusively refers to the type of case that may be heard. The text of the exhaustion requirement does not clearly state that it is jurisdictional, the text of the requirement is not in a jurisdiction-granting provision, and the context and historical treatment of the requirement does not implicate a jurisdictional nature. Together with the recent line of Supreme Court rulings designed to curtail imprecise jurisdictional rulings, the Court finds that the exhaustion requirement of the Rehabilitation Act is not jurisdictional in nature.

Hence, the Court has subject matter jurisdiction over this claim. The Court now considers the motion to dismiss.

III.     RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011); *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Johnson*, 534 F.3d at 1121.

To avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Leave to amend should be granted "with extreme

10

liberality," so long as factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, or futility of amendment are not present. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining factors, there exists *a presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. at 1052 (emphasis in original). Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)(citations omitted).

IV. DISCUSSION

A. Failure to Exhaust Administrative Remedies

A federal employee asserting a claim of discrimination under the Rehabilitation Act must exhaust administrative remedies before filing a civil action in district court. 29 C.F.R. §1614.105 et seq; *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012). As discussed above, exhaustion of administrative remedies before a federal employee may bring a discrimination action in federal court is not a jurisdictional requirement. *Hoover v. Shinseki*, 2012 U.S. Dist. LEXIS 47412, *6 (D. Ariz., April 4, 2012). A timely filing of an EEOC charge is not a jurisdictional prerequisite to suit, but is treated as a statute of limitations subject to waiver, estoppel, and equitable tolling. *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985).

To exhaust administrative remedies, the aggrieved federal employee must first attempt to informally resolve the matter by consulting an EEOC counselor prior to filing a complaint. 29 C.F.R. § 1614.105(a). The government employer or the EEOC shall extend the forty-five day time limitation in which to consult a counselor "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, […] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). If the matter is not informally resolved, the counselor shall notify the employee of the right to file a discrimination complaint. 29 C.F.R. § 1614.105(d).

Plaintiff's Complaint does not allege that Plaintiff complied with the statutory requirements to seek redress through the EEOC administrative processes and is subject to dismissal. However, Plaintiff has implied that she could plead facts that may relieve her of the requirement. The opposition states that she was initially unaware of the requirements of filing an EEO complaint and was not notified of them when she complained to her supervisors and requested accommodations. Doc. 14, p. 3, lines 13-19. Once, she became aware of the EEOC office she was unable to file a complaint because she was "rebuffed" and "her employer made it impossible to file a complaint." Doc 14, p. 3, line 15; p. 4, line 2.

Defendant has not demonstrated undue delay, bad faith or dilatory motive on Plaintiff's part, nor undue prejudice by virtue of the amendment. This is the first motion to dismiss. Plaintiff alleges that she was unaware of the time limitations in which to consult a counselor and that she was prevented by circumstances beyond her control from filing a complaint. Allegations in Plaintiff's opposition are vague as to time, as to her due diligence in seeking administrative redress, and as to what circumstances prevented her from seeking redress and filing a complaint, but it is possible that she could allege a set of facts that would support relief from, or equitable tolling of, the time limitation. Taking Plaintiff's facts as true, and construing them in her favor, the Court finds that amendment to plead additional facts could cure the defect. Leave to amend will be granted.

B. Parties

Similar to the Title VII requirement that the proper defendant to a civil action alleging employment discrimination by the government is "the head of the department, agency or unit, as appropriate," the head of the department is the appropriate defendant for disability claims made pursuant to the Rehabilitation Act. *Ka'Anoi v. Dail*, 2008 U.S. Dist. LEXIS 55504 (E.D. Cal. July 17, 2008), *11 (citing *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1196, n.1 (9th Cir. 1989)).

Plaintiff has improperly named her employer, the United States Internal Revenue Service as Defendant. Doc. 1, p. 1, p. 2, lines 15-17. This claim is subject to dismissal. However, having constructive notice of this claim, the proper defendant will not be unduly prejudiced by allowing

amendment. Amendment will cure the defect; hence, leave to amend is granted.

C.  Claim

"Section 501 of the Rehabilitation Act (29 U.S.C. § 791) is the exclusive remedy for federal employees alleging discrimination on the basis of disability. *Ward v. Vilsak*, 2011 U.S. Dist. LEXIS 138964, *2 (citing *Johnston v. Horne*, 875 F.2d 1415, 1418 (9th Cir. 1989)[4]). "The standards used to determine whether [Section 791] has been violated in a complaint alleging non-affirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 ["ADA"](42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of [the ADA] (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment." 29 U.S.C. § 791.  The ADA prohibits discrimination by covered entities against qualified individuals with a disability.  42 U.S.C. § 12112(a).

Plaintiff has improperly alleged a cause of action under Section 504 of the Rehabilitation Act. Doc. 1, p. 1, lines 20-21. This cause of action is subject to dismissal. However, Plaintiff may be able to cure the defect by alleging a cause of action under Section 501 using the same set of facts already alleged in the Complaint. The caption of the Complaint indicates that the Complaint is brought "UNDER THE REHABILITATION ACT OF 1973 (29 U.S.C. §791 et seq.)," alerting Defendant as to the relevant statute. Plaintiff has alleged that her injury was a physical impairment whose lack of accommodation by Defendant hindered her ability to perform her job duties and caused her immense pain. Doc. 1, p. 5, lines 1-3. Leave to amend will be granted.

D.  Demand for Relief

Remedies for violations of the ADA and the Rehabilitation Act are delineated in the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(2). Compensatory damages "for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" shall not exceed $300,000. 42 U.S.C. § 1981a(b)(3)(D). Punitive damages

---

[4] "A distinction exists between § 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (1986), and § 504, 29 U.S.C.A. § 794 (West Supp. 1989) (hereafter referred to as § 791 and § 794). Both prohibit discrimination on the basis of handicap. Section 791(b) obligates federal employers to provide reasonable accommodation for the handicapped and to develop and implement affirmative action plans for handicapped employees. […] Section 794, in contrast, prohibits the exclusion of otherwise qualified individuals from government activities or programs receiving federal funds solely by reason of their handicap. […]" *Johnston v. Horne*, 875 F.2d at1418 (internal quotations and citations omitted).

are not available against a government or government agency. 42 U.S.C. § 1981a(b)(1).

Plaintiff has requested relief that is not available to her by the Rehabilitation Act, under which she brings this action. She has requested compensatory damages in excess of $500,000 and punitive damages. Doc. 1, p. 5, lines 9-13.  Plaintiff will be granted leave to amend to comply with the 42 U.S.C. § 1981a limitations.

V.    ORDER

Defendant's Motion to Dismiss is hereby GRANTED without prejudice and with leave to amend. Plaintiff may file an amended complaint consistent with this Order within thirty (30) days of entry of this Order.

IT IS SO ORDERED.

Dated:   March 25, 2014

SENIOR DISTRICT JUDGE

14